# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Catherine V.,

        Plaintiff,

v.

Nancy A. Berryhill, Acting
Commissioner of Social Security,

        Defendant.

Civil No. 17-3257 (DWF/LIB)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

This matter is before the Court upon Plaintiff Catherine V.'s ("Plaintiff") objections (Doc. No. 20) to Magistrate Judge Leo I. Brisbois's July 23, 2018 Report and Recommendation (Doc. No. 17) insofar as it recommends that: (1) Plaintiff's Motion for Summary Judgment be denied; and (2) Defendant's Motion for Summary Judgment be granted. Defendant filed a response to Plaintiff's objections on August 16, 2018. (Doc. No. 26.) On August 8, 2018, Plaintiff filed a Motion for Supplemental Briefing Concerning *Lucia v. SEC*. (Doc. No. 21.) On August 7, 2018, the Court granted Plaintiff's Motion for Supplemental Briefing. (Doc. No. 22.) On August 9, 2018, Defendant filed a Request for Extension of Time to File Response to Supplemental Briefing. (Doc. No. 23.) On August 17, 2018, the Court granted Defendant's Request for Extension of Time to File Response to Supplemental Briefing. (Doc. No. 27.) On October 15, 2018, Defendant filed a response to Plaintiff's supplemental brief concerning *Lucia v. SEC*, 138 S. Ct. 2044 (2018). (Doc. No. 28.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections. In the Report and Recommendation, the Magistrate Judge noted that Plaintiff raises one overarching issue on appeal—her assertion that the ALJ's determination that Plaintiff's substance use disorder was a contributing factor material to the determination of disability was in error and not supported by substantial evidence. After considering Plaintiff's arguments and the record as a whole, the Magistrate Judge concluded that the ALJ's decision that Plaintiff was not disabled as defined by the Social Security Administration was supported by substantial evidence in the record.

Plaintiff objects to the Magistrate Judge's Report and Recommendation, arguing that the Magistrate Judge applied the wrong legal standard and gave undue weight to non-contemporaneous records while rejecting contemporaneous records when calculating Plaintiff's period of sobriety. In addition, Plaintiff contends that the duration of Plaintiff's sobriety is sufficient to assess materiality of her Drug Addiction and Alcoholism ("DAA") with respect to a determination of disability. In response to Plaintiff's objections, Defendant argues that the Magistrate Judge applied the proper "substantial evidence" standard of review and did not unduly rely on two medical

records. In addition, Defendant argues that Plaintiff failed to prove that she was disabled between 2007 and 2009 (a period of sobriety for Plaintiff), and that Plaintiff erroneously relies on evidence from an alleged period of sobriety (in 2015 and 2016) that post-dates the relevant time period.

The Court concludes that Plaintiff's motion for summary judgment should be denied and Defendants' motion for summary judgment should be granted. Specifically, the Court agrees with the Magistrate Judge's findings and analysis concerning the review of the ALJ's decision that Plaintiff was not disabled. The Court agrees that the ALJ's decision that Plaintiff was not disabled as defined by the Social Security Administration was supported by substantial evidence in the record.

Plaintiff also seeks to remand her case to the Social Security Administration for a new hearing based on the grounds that the ALJ presiding over her claim is an inferior officer under the Appointments Clause and was not appointed consistent with that constitutional provision. In *Lucia*, the Supreme Court held that ALJs for the Securities and Exchange Commission are "Officers of the United States," and therefore, are subject to the Appointments Clause. 138 S. Ct. at 2055. The Supreme Court also held that a party "who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." 138 S. Ct. at 2055 (citation omitted). Here, however, Plaintiff did not raise her Appointments Clause challenge in the administrative proceedings and, therefore, did not preserve it for judicial review.

*See, e.g.*, *Stearns v. Berryhill*, Civ. No, 17-2031, 2018 WL 4380984, at *6 (N.D. Iowa Sept. 14, 2018); *Iwan v. Comm'r of Soc. Sec'y*, Civ. No. 17-97, 2018 WL 4295202, at *9 (N.D. Iowa Sept. 10, 2018).

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Plaintiff Catherine V.'s objections (Doc. No. [20]) to Magistrate Judge Leo I. Brisbois's July 23, 2018 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois's July 23, 2018 Report and Recommendation (Doc. No. [17]) is **ADOPTED**.

3. Plaintiff Catherine V.'s motion for summary judgment (Doc. No. [12]) is **DENIED**.

4. Defendant Acting Commissioner of Social Security Nancy A. Berryhill's motion for summary judgment (Doc. No. [14]) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 12, 2019     s/Donovan W. Frank
                             DONOVAN W. FRANK
                             United States District Judge